1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 18-cr-1549-GPC |
| Plaintiff, | |
| v. | **ORDER FOLLOWING IN CAMERA REVIEW OF REDACTED EVIDENCE [DKT. NO. 62]** |
| VICTORINO BENAVIDEZ-BIOJO, et al., | |
| Defendants. | |

11
12
13
14
15
16
17

This prosecution follows the U.S. Coast Guard's interdiction of a go-fast vessel transporting cocaine on the high seas in the eastern Pacific Ocean. In fulfilling its discovery obligations, the Government has produced U.S. Coast Guard records and logs, which contain redactions at discovery bate stamped pages 41-48, 153, 155-166, 170, 172, 173, 175, 177, 201, and 204-205. On July 24, 2018, the United States filed an *ex parte* request for an *in camera* review of this redacted evidence. Dkt. No. 62. On July 27, 2018, Defendants filed points and authorities in support of Defendants' Joint Supplemental Motion to Compel Discovery wherein Defendants, *inter alia*, objected to the Government's *ex parte*, *in camera* request. In addition, on the same day, Defendant Tapia-Ortiz filed a separate Opposition to the Government's request for *in camera*

18
19
20
21
22
23
24
25
26
27
28

1

review, which has been joined by co-Defendant Juan Lopez-Valdez.  Dkt. Nos. 68 and 70.  Upon review of the redacted and unredacted discovery and the explanations for the redactions, as well as the opposition filed by the Defendants, the Court concludes that it has the authority to conduct an *in camera* hearing to address law enforcement confidentiality concerns.

On July 31, 2018, this Court held an *ex parte*, *in camera* proceeding to review the redacted evidence.  Present were Assistant U.S. Attorney Orlando Gutierrez, Special Assistant U.S. Attorney Emily Gibbons detailed from the U.S. Coast Guard, and Anneliese Corvo, a USAO intern.  Based upon its review of the submitted materials, the applicable law and information developed at the *ex parte* hearing, the Court makes the following rulings regarding the discovery redactions.

Under Federal Rule of Criminal Procedure 16, a defendant has a right to inspect all documents, data, or tangible items within the government's "possession, custody, or control" that are "material to preparing the defense."  Fed. R. Crim. P. 16(a)(1)(E).  Evidence is "material" under Rule 16 if it is helpful to the development of a possible defense.  *United States v. Olano*, 62 F.3d 1180, 1203 (9th Cir. 1995).  A defendant must make a "threshold showing of materiality" in order to compel discovery pursuant to Rule 16(a)(1)(E).  *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995).  "Materiality is a 'low threshold; it is satisfied so long as the information . . . would have helped' to prepare a defense.  *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (quoting *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013)).  "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense."  *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).  A district court may hold an *in camera* hearing to address law enforcement confidentiality concerns.  *Cf. United States v. Budziak*, 697 F.3d 1105,

1113 (9th Cir. 2012) (leaving for the district court in the first instance to determine whether "on remand, a protective order or an *in camera* hearing is necessary to accommodate any law enforcement confidentiality concerns").

Here, the Government has submitted the redacted evidence to the Court; has provided a written explanation for the redactions; and has produced a representative from the U.S. Coast Guard to further explain why the redactions are necessary to accommodate law enforcement concerns. A review of the submitted materials reveals that out of the 87 redactions made by the USAO, 31 redactions involve medical treatment entries and 12 consist of dates of birth of Defendants. The Court finds that this information is not discoverable under Rule 16 or *Brady v. Maryland*, 373 U.S. 83 (1963), as to Defendants other than those to whom the discovery relates because it is sensitive and confidential. The Court orders that this information be produced only to the specific defendant to whom the information relates.

In addition, 16 redactions involve personal identification information for U.S. Coast Guard personnel who are otherwise identified by name. This information is not discoverable under Rule 16 or *Brady* and its release could create a risk of theft of government personnel's identities. The remaining redactions involve log entries as to ammunition, helicopter fuel and information, which reveals the readiness of the vessel to engage in law enforcement efforts. Disclosure of this information would reveal the techniques of maritime law enforcement teams and, at this time, has not been shown to be helpful to a defense.

Finally, during the *in camera* hearing it was reported by SAUSA Gibbons that the remaining redactions were made by the U.S. Coast Guard and involved deleting the full name of participants in the reported activities with the last initial of the personnel remaining. As of this time, the Court is prepared to allow these redactions so long as

3

defense counsel have the opportunity to request the identification of personnel based upon a showing of necessity and materiality.

## CONCLUSION

The Court GRANTS the Request for In Camera Review of Redacted Evidence and OVERRULES the Objections of the Defendants. For the reasons stated above, the Court finds that the discovery redactions are proper and are supported by individual privacy and law enforcement confidentiality concerns. The Court directs that the redacted portions relating to medical treatment and PII shall be produced to the Defendant to whom that information relates.

**IT IS SO ORDERED.**

Dated: August 7, 2018

Hon. Gonzalo P. Curiel
United States District Judge

18-cr-1549-GPC