UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>VICTORINO BENAVIDEZ-BIOJO, et al.,<br><br>                           Defendants. | Case No.: 18-cr-1549-GPC<br><br>**ORDER FOLLOWING IN CAMERA PROCEEDING** |

This prosecution follows the interdiction by the U.S. Coast Guard of a go-fast vessel transporting cocaine on the high seas in the eastern Pacific Ocean. On April 16, 2018, Defendant Jose Trinidad Tapia-Ortiz filed a motion for discovery which included the disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Ortiz. (ECF No. 30-1 at 11-12). Specifically, Mr. Ortiz requested discovery pertaining to the government's prior encounter with Tapia-Ortiz from September 28, 2017, as well as any other encounters with codefendants Victorino Benavidez-Biojo, Segundo Nemesio Becerra, and Juan Lopez-Valdez. The co-defendants have joined the motion (ECF Nos.

1

33, 34, 35) and have filed additional motions seeking informant discovery (ECF Nos. 47, 67). In a joint supplemental motion for discovery filed on July 27, 2018, the defendants pointed out that informant information could be "a source of information for possible defenses, including but not limited to: lack of knowledge, intended destination of drugs seized if other than the United States which would be evidence of no nexus, and possible entrapment by a confidential informant to gain benefit with the United States. Additionally, information from confidential informants may be relevant to sentencing issues, for example: role in the offense, lack of complete knowledge, and de minimus payment." (ECF 67 at 11).

The Government has neither confirmed nor denied the existence of informants related to the investigation or prosecution of the case. On November 8, 2018, the Court directed the Government to submit any information regarding the existence of confidential informants or sources to the Court for a judicial review and evaluation of the facts and policies that inform any privileges or affects the defendants' fundamental right to a fair trial. E.g., *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957) ("Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.").

On November 15, 2018, this Court held an ex parte, *in camera* proceeding. Present were Assistant U.S. Attorneys Orlando Gutierrez and Josh Mellor. The closed proceeding was reported and a transcript of the *in camera* proceeding will be available for further review by the Ninth Circuit Court of Appeals, as necessary.

Based upon its review of the pending motions, the applicable law and information developed at the ex parte hearing, the Court finds that the revealed information is not discoverable for the reasons articulated at the hearing.

///

## CONCLUSION

The Defendants' motion for discovery regarding confidential informants or information is DENIED.

**IT IS SO ORDERED.**

Dated: December 21, 2018

Hon. Gonzalo P. Curiel
United States District Judge